UNITED STATES of America,
Plaintiff–Appellant,

v.

The STATE OF MISSISSIPPI, et al.,
Defendants–Appellees.

UNITED STATES of America, Plaintiff,

and

Laurel–Jones County Branch of the N.A.
A.C.P., Manuel Jones, Jr., Felicia
Wheeler, Kelly Anderson and Tabitha
Anderson, Intervening Plaintiffs–Appellants,

v.

ASSOCIATION FOR EXCELLENCE IN
EDUCATION, Intervening
Plaintiff–Appellee,

v.

STATE OF MISSISSIPPI, et
al., Defendants.

CITY OF LAUREL, MISSISSIPPI,
Plaintiff–Appellee,

v.

CITY OF LAUREL SCHOOL BOARD OF
EDUCATION and Jones County School
Board of Education, Defendants–Appellees,

v.

LAUREL–JONES COUNTY BRANCH OF
the NAACP, Manuel Jones, Jr., Felicia
Wheeler, Kelly Anderson and Tabitha
Anderson, Intervening Defendants–Appellants.

Nos. 90–1184, 90–1353.

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1991.

Rehearing Denied Feb. 22, 1991.

Miriam S. Eisenstein, U.S. Dept. of Justice, Washington, D.C., for plaintiffs-appellants.

Richard L. Yoder and W.M. Deavors, Laurel, Miss., for Laurel Mun.

Dalton McBee, Jr. and Anita C. Clinton, Asst. Attys. Gen., Office of Atty. Gen., Jackson, Miss., for State of Miss.

Michael Adelman, Adelman & Steiner, Hattiesburg, Miss. and Joyce Knox, Gen. Counsel, NAACP, Baltimore, Md., for Laurel-Jones County Branch of NAACP, et als.

Terry L. Caves, Caves & Caves, Laurel, Miss., for Jones County School Dist.

Franklin C. McKenzie, Jr., Laurel, Miss., for City of Laurel, Miss.

Richard L. Yoder, Laurel, Miss., for Laurel School Dist.

Moran M. Pope, III, Hattiesburg, Miss., for Ass'n for Excellence in Educ.

Before WISDOM, GEE, and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

Today we address two cases consolidated on appeal. In the first, the United States demands interdistrict relief to remedy the allegedly segregative effect of various actions taken by the State of Mississippi and by two school districts. We conclude that the district court's findings are not clearly erroneous and that they provide a sufficient basis for us to review the district court's decision; thus, we must affirm the district court's denial of interdistrict relief.

In the second case, the NAACP seeks the attorney fees denied it by the district court. We conclude that the district court's findings were not clearly erroneous and that the district court did not abuse its discretion; accordingly, we affirm its denial of attorney fees.

*Geography and Prior Proceedings*

This appeal involves several state-created entities—the City of Laurel, Mississippi; Jones County, Mississippi; the Laurel School District; and the Jones County School District. Territorially, the Laurel School District coincides with the City of Laurel. Laurel, in turn, is surrounded by Jones County and the Jones County School District. Both school districts are subject to ordered or agreed desegregation plans stemming from a 1970 desegregation action filed by the United States against the State of Mississippi (No. 4706 S.D.Miss.). Both desegregation plans contained a *Singleton* provision.[1] Generally speaking, the *Singleton* provisions prohibit transfers to or from either district on a discriminatory basis, as well as transfers that have the cumulative effect of separating the races or reinforcing a dual school system.

This factual story commences in December 1987, when the City of Laurel filed an annexation petition that would have effectively transferred territory and students from the Jones County School District to the Laurel School District. The Laurel School District removed the action to federal court on the basis of federal question jurisdiction.[2] After a disputed hearing— one of which we have no transcript and (allegedly) to which neither the United States nor the State of Mississippi were parties—the United States Magistrate ordered that the Laurel and Jones County school districts be consolidated.

On motion by the United States, Judge Tom S. Lee combined the annexation petition proceeding with the original desegregation suit. Judge Lee allowed the NAACP and the Association for Excellence in Education to intervene and joined the Jones County Board of Education. Judge Lee then considered *de novo* the matter of consolidating the Jones County and Laurel school districts.

Realizing that consolidation was appropriate only if the United States could show an interdistrict violation, Judge Lee held a liability trial in June 1989. The United States, the Association for Excellence in Education, the City of Laurel, and the Laurel School District sought consolidation of the districts. The State of Mississippi, the NAACP, and the Jones County School District opposed consolidation. The hearing concluded, Judge Lee found no interdistrict violation and vacated the consolidation order. 719 F.Supp. 1364. The United States appeals.

*Consolidation*

On appeal, the United States contends that the district court abused its discretion by not entering specific findings respecting the segregative effect and intent of certain legislative and political actions taken by the State of Mississippi: The United States points to three instances of alleged discriminatory legislative and political action (1) amending state law specifically to impede any attempt to expand the Laurel School District by annexation; (2) abandoning a plan to consolidate school districts after the Education Finance Commission recommended consolidating the Laurel and Jones County districts; and (3) issuing an attorney general's opinion authorizing any student to attend school in any district where his guardian resides.[3] The United States does not contest the adequacy of the district court's finding that the allegedly fraudulent transfer of students between the Laurel and Jones County districts caused no significant segregative effect. Thus, as briefed, the sole issue before us on the United States' appeal from denial of inter-district relief is the sufficiency of the district court's findings respecting the

---

1. So named for *Singleton v. Jackson Mun. Separate School Dist.,* 419 F.2d 1211 (5th Cir.), *cert. denied,* 396 U.S. 1032, 90 S.Ct. 612, 24 L.Ed.2d 530 (1970).

2. The federal question centered on the effect of the desegregation suit No. 4706 and the *Singleton* provisions.

3. The previous policy had required the student actually to live within the district where he attended.

State of Mississippi's legislative and political actions.

### Standard of Review

We review the correctness of findings of fact under the clearly erroneous standard. *See Thornburg v. Gingles*, 478 U.S. 30, 79, 106 S.Ct. 2752, 2781, 92 L.Ed.2d 25 (1986); *Citizens for a Better Gretna v. City of Gretna*, 834 F.2d 496, 498 & n. 4 (5th Cir.1987) Fed.R.Civ.P. 52(a). Respecting sufficiency of findings, we have noted that the findings "must be expressed with sufficient particularity to allow us to determine rather than speculate that the law has been correctly applied." *Hydrospace–Challenger, Inc. v. Tracor/MAS, Inc.*, 520 F.2d 1030, 1034 (5th Cir.1975); *see also Otto Candies, Inc. v. M/V Madeline D*, 721 F.2d 1034, 1035 (5th Cir.1983).

### Milliken v. Bradley: *The Standard for Interdistrict Relief*

■ The federal courts may impose a desegregation remedy only if a constitutional violation is shown, and then the remedy is limited by the nature and extent of the constitutional violation. *Swann v. Charlotte–Mecklenburg Board of Educ.*, 402 U.S. 1, 16, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554 (1971). The United States has requested interdistrict relief; therefore, *Milliken v. Bradley*, 418 U.S. 717, 94 S.Ct. 3112, 41 L.Ed.2d 1069 (1974), supplies the applicable standard. In *Milliken*, the Supreme Court explained:

> Before the boundaries of separate and autonomous school districts may be set aside by consolidating the separate units for remedial purposes or by imposing a cross-district remedy, it must first be shown that there has been a constitutional violation within one district that produces a significant segregative effect in another district. Specifically, it must be shown that racially discriminatory acts of the state or local school districts, or of a single school district have been a substantial cause of interdistrict segregation. Thus an interdistrict remedy might be in order where the racially discriminatory acts of one or more school districts caused racial segregation in an adjacent school district or where the district lines

have been deliberately drawn on the basis of race. In such circumstances an interdistrict remedy would be appropriate to eliminate the interdistrict segregation directly caused by the constitutional violation. Conversely, without an interdistrict violation and interdistrict effect, there is no constitutional wrong calling for an interdistrict remedy.

*Id.* at 744–45, 94 S.Ct. at 3126–28; *see also Lee v. Lee County Board of Education*, 639 F.2d 1243, 1261 (5th Cir.1981). *Milliken* imposes a two step analysis (1) effect—has the complained of state or local act had a segregative effect across district lines; and (2) intent—was the complained of act done with segregative intent. Both prongs of the test must be met to justify interdistrict relief.

### Judge Lee's Findings

■ After hearing five days of testimony, which is transcribed in more than one thousand pages of the record, Judge Lee entered his findings and vacated the magistrate's consolidation order. Among these were findings that

> [a]t the time of its 1970 desegregation order, the Laurel School district had a student enrollment of 6073 of which 2833 or 46% were black and 3270 or 54% were white.... [S]tudent enrollment in the Laurel School District has decreased dramatically, from 6073 to 3215, and the percentage ratio differential of whites to blacks in the Laurel schools has steadily widened; as of the 1988–89 school year, 75% of the students enrolled were black and 25% were white.

and

> [a]t the time of the Jones County School District's HEW consent agreement, with an enrollment of 8279, the student ratio in the county district was 79% white and 21% black.... [S]tudent enrollment and student ratio in the Jones County School District have remained relatively stable over the years and as of the 1988–89 school year was 8478, 81% white and 19% black.

In addition to his general findings respecting the enrollment and racial composi-

tion of the districts, Judge Lee also made a number of specific findings. Much of the evidence presented at the hearing dealt with the United States' allegations of fraudulent transfers between the Laurel and Jones County school districts. Judge Lee carefully applied the two-step *Milliken* analysis to the fraudulent transfer issue and concluded that the transfers did not have a significant segregative effect on the Laurel School District. Finding no segregative effect from the transfers, Judge Lee found it unnecessary to inquire whether the transfers were allowed with discriminatory intent.

In the face of Judge Lee's findings, the United States steadfastly maintains that the findings are insufficient. The United States' primary complaint is that Judge Lee issued no specific findings respecting the United States' evidence of the political and legislative actions of the State of Mississippi. We disagree: Judge Lee's findings are sufficient to support his order denying interdistrict relief.

In reaching this result, we first observe that Judge Lee's general and specific findings are not clearly erroneous—indeed, they are amply supported by the record and none of the parties to this appeal contests their correctness.

Second, we conclude that Judge Lee's careful application of the *Milliken* analysis to the fraudulent transfer issue demonstrates a correct understanding of the law.

Third, we hold that Judge Lee's general findings that the racial composition and enrollment of the Jones County School District have remained virtually unchanged during the relevant period show that Mississippi's legislative and political actions have not had a significant interdistrict segregative effect. Our rationale is grounded in the nature of the actions of which the United States complains. To be sure, Mississippi passed legislation that impaired the City of Laurel's ability to annex territory from Jones County. Mississippi also chose to ignore the recommendation of the Education Finance Commission that the Laurel and Jones County school districts be consolidated. Finally, the Mississippi Attorney

General issued an opinion making transfers from one district to another easier to accomplish. These actions are all tied by a common thread—they enable effective white flight. By impeding annexation and publicly choosing not to consolidate, Mississippi was implying that students attending Jones County schools could continue to attend those schools. Thus, parents who wanted their children out of the Laurel schools could move into the county. Likewise, the attorney general's opinion also enabled parents to transfer their children more easily from the Laurel schools into the Jones County schools. We recognize the nature of the United States' concern; but, as Judge Lee's findings make abundantly clear, white flight from Laurel to Jones County *did not occur.* The enrollment and racial composition of the Jones County schools remained stable. There was no significant segregative effect between the Laurel and Jones County schools; therefore, under *Milliken,* interdistrict relief is not warranted.

We must conclude that Judge Lee's findings are not clearly erroneous and are set forth with sufficient particularity that we are able to determine that the law has been correctly applied; thus, Judge Lee's findings were sufficient to support his order denying interdistrict relief. His order must therefore be affirmed.

### Attorney Fees

In the second case on this appeal, the NAACP seeks to recover attorney fees, under 42 U.S.C. § 1988, for its efforts *opposing* consolidation of the Laurel and Jones County districts. To support its claim, the NAACP argues that it should be treated as a prevailing plaintiff or, in the alternative, that if it is more properly considered a prevailing defendant, then the United States' action was frivolous.

#### Strange Bedfellows

Interestingly, this suit aligns the NAACP with the State of Mississippi against the United States and finds both arguing that Mississippi committed no interdistrict constitutional violation. The reasons behind the NAACP's position are

equally interesting. First, the City of Laurel, and the Laurel School District are majority black, and are represented by governmental bodies selected by a majority-black electorate. As counsel for the NAACP conceded at oral argument, the NAACP opposes consolidation because consolidation would dilute black voting strength.

Second, the Laurel schools are objectively superior to the Jones County schools. The Laurel schools have modern facilities, spend considerably more per pupil than the Jones County schools, and have been nationally recognized for their innovative and effective educational programs. Presumably, the NAACP opposes consolidation because it fears the quality of education for the black students in the Laurel schools would suffer.

These refrains have a strangely familiar ring.

*Basis of a Fee Award*

At the outset, we note that we review awards of attorneys' fees for abuse of discretion and, in turn, review the underlying findings by the clearly erroneous standard. *See Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.1990).

 Section 1988 allows the district court, in its discretion, to award a prevailing party reasonable attorney fees. Under the relevant jurisprudence, the first step in determining whether attorney fees may properly be awarded is to identify the party seeking the fees as plaintiff or defendant. *See Coats v. Pierre*, 890 F.2d 728 (5th Cir.1989). In a Memorandum Opinion and Order dated April 27, 1990, Judge Lee found the NAACP to be a defendant. Judge Lee reasoned that, because the NAACP was seeking to *disprove* a civil rights violation, it was more appropriately considered a defendant. We agree. The NAACP intervened as a defendant, behaved as a defendant, and makes only a conclusory argument to us that it should be treated as a plaintiff. The NAACP chose to align itself with parties opposing the United States' efforts to show a civil rights violation, and it should not benefit from the

incentives designed to encourage the fight against civil rights abuses.

 Finding the NAACP to be a defendant is largely dispositive of the attorneys' fee issue. While plaintiffs prevailing under 42 U.S.C. § 1988 are entitled to attorneys' fees unless special circumstances would render an award unjust, *see Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968), prevailing defendants are entitled to attorney fees *only* when a plaintiff's underlying claim is frivolous, unreasonable, or groundless. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). We review frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful. *See Jones v. Texas Tech. Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981); *see also Plemer v. Parsons–Gilbane*, 713 F.2d 1127 (5th Cir.1983). The factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial. *See EEOC v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir.1983).

 Judge Lee determined, in his April 27, 1990, order that the position advanced by the United States and the other consolidation proponents was neither frivolous nor in bad faith. We agree. Judge Lee held a five-day hearing, generating over one thousand pages of transcript. The district court's Memorandum Opinion and Order indicates that the United States' evidence of discrimination was valid, but merely insufficient to establish a significant segregative effect.

In light of the district court's findings and our deferential standard of review, we must affirm the district court's denial of attorneys' fees.

*Conclusion*

The bitter irony of this case does not escape us. We make clear that the only questions before us are whether the district court properly denied both the United

**610**

States' request for interdistrict relief and the NAACP's request for attorneys' fees. Our limited role prevents us from asking the more important questions—whether the children of Laurel and Jones County would benefit by consolidation of their school districts and whether those shut out so long now seek to hold the door against others trying to come in.

In accordance with what we have said, and with our limited role, we must AFFIRM the district court's denial of interdistrict relief and AFFIRM the district court's denial of attorneys' fees.