**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-60196
Summary Calendar
_____


CORA JOHNSON,

                    Plaintiff - Appellant,

versus

SOUTH MISSISSIPPI HOME HEALTH,

                    Defendant - Appellee.


_____

No. 97-60650
Summary Calendar
_____


CORA JOHNSON,

                    Plaintiff - Appellant,

versus

SOUTH MISSISSIPPI HOME HEALTH CARE,

                    Defendant - Appellee.


Appeal from the United States District Court
for the Southern District of Mississippi
(2:92-CV-367-PG)


September 3, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.


PER CURIAM:[*]

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

In appeal No. 97-60196, Cora Johnson appeals the district court's grant of summary judgment in favor of defendant Southern Mississippi Home Health Care ("SMHH") on her claim brought pursuant to 42 U.S.C. § 1981. In appeal No. 97-60650, Johnson appeals the district court's award of attorney's fees in favor of SMHH.

Turning first to appeal No. 97-60196, the district court found that Johnson had failed to satisfy her burden of presenting a prima facie case under the framework established by the Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). A prima facie case, for purposes of *McDonnell Douglas*, consists of a showing that the plaintiff (1) is a member of a protected group; (2) was qualified and performed her job sufficiently to meet her employer's legitimate expectations; (3) was discharged; and (4) was replaced by a non-minority. *Id*. As the district court noted, Johnson clearly satisfied the first and third elements))namely, she was African-American and she was fired. However, the district court noted that Johnson failed to provide any evidence that she was performing her job satisfactorily. The district court also noted that Johnson's claim to have satisfied the fourth element was questionable in light of the fact that SMHH had offered the job to another black female who had accepted the offer on an interim basis, although she ultimately chose not to take the job on a permanent basis. On appeal, Johnson argues in conclusory fashion that "she was discharged from a position for which she was

qualified and replaced with a white employee." However, Edwards has never argued))either to the district court or to this court))that she was performing her job sufficiently to meet SMHH's legitimate expectations. Indeed, as the district court cogently explained, the evidence indicates precisely the opposite. While Johnson may have been a fully qualified nurse, once she became office manager, numerous problems ensued, including the resignation of almost her entire staff as well as the development of questions regarding her honesty and integrity. Thus, we affirm the district court's grant of summary judgment in favor of SMHH in appeal No. 97-60196 because Johnson has failed to establish her prima facie case.

In appeal No. 97-60650, Johnson appeals the district court's award of attorney's fees in favor of SMHH. Although we review awards of attorney's fees only for abuse of discretion, *see United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991), an award of attorney's fees in favor of a prevailing defendant is appropriate "*only* when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *Id* (emphasis in original). Frivolity is determined by looking to whether the plaintiff's case was so lacking in merit that the claim was groundless, rather than the fact that it was unsuccessful. *See id*. The factors used in determining frivolity are "(1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial." *Id.*

–3–

The district court noted several reasons for awarding attorney's fees in favor of SMHH. First, the district court noted that in her original complaint, Johnson brought claims under both Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Johnson's attorney-drafted complaint stated that "[p]laintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and received Notice of his Right to Sue." This statement, however, was patently untrue because Johnson filed her complaint just two days after her termination by SMHH and never attempted to file any complaint with the Equal Employment Opportunity Commission. The district court also noted that Johnson failed to establish two elements (or half) of her prima facie case and that SMHH had offered to settle the case. Although, as the district court noted, it is a rare case in which a prevailing defendant will be entitled to attorney's fees, *see id.*, based on Johnson's affirmative misrepresentations in her attorney-drafted complaint and the numerous factual and legal inadequacies in her claim, we cannot say that the district court clearly erred in award attorney's fees in favor of SMHH.

AFFIRMED.