IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 00-10909, 01-10006
Summary Calendar

_____


DONALD L. NELSON,

Plaintiff-Appellant,

versus


CITY OF BURLESON; CHARLES THORN; PAUL PREVIATE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-2873-R
--------------------
July 6, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

Donald L. Nelson, proceeding pro se, appeals the district

court's dismissal of his 42 U.S.C. § 1983 action and its award of

attorney's fees to the defendants pursuant to 42 U.S.C. § 1988.

Nelson argues that he did state a claim under the Fourth and

Fifth Amendments and that Heck v. Humphrey, 512 U.S. 477 (1994)

did not apply because the defendants were not state actors and

because the presiding judge acted without jurisdiction.  Neither

argument demonstrates any error in the conclusion of the district

_____

        *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court that Nelson was attempting to challenge his traffic convictions by way of this § 1983 action for damages without having first had his convictions set aside by the Texas courts, which is prohibited by Heck. The district court correctly held that Nelson's allegations of due process or other constitutional violations in his prosecutions for traffic offenses called his convictions into question and were barred by Heck.

In opposition to the district court's award of attorney's fees, Nelson argues again that Heck does not apply and that his complaint was not frivolous. The district court correctly applied Heck and correctly determined that Nelson's circular, nonsensical arguments at the hearing as to why Heck did not apply were frivolous. Nelson argues that there were errors in the billing statement, but he does not give any specifics. He argues that the law firm of Tooley & Voss did not have the authority to represent the defendants in this cause of action according to the language of the City of Burleson's Home Rule Charter. Nelson concedes that the magistrate judge was correct in her determination that the City was entitled to retain any attorney it desired to defend this suit. He argues that the law firm acted without authority because they did not comply with the requirement to file an Oath of Office with the Secretary of State. Nelson's argument is not directed to any of the factors required to be considered in awarding attorney's fees under § 1988. The district court did not abuse its discretion in awarding the defendants attorney's fees under § 1988. United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991).

Nelson's appeals have no arguable merit, are frivolous and are DISMISSED.  5th Cir. R. 42.2.  Nelson was placed on notice of the frivolity of his claims in the magistrate judge's report and again by the magistrate judge at the hearing on the defendants' motion for attorney's fees.  He presents no good faith arguments for reversal of either judgment on appeal.  Appellees' motions for sanctions per Fed. R. App. P. 38 are GRANTED in the amount of double costs plus $2,000 in attorney's fees.

APPEALS DISMISSED; MOTIONS FOR SANCTIONS GRANTED.