United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 02-10421, 02-10956
_____


TUONG B. VAN, M.D.,

Plaintiff-Appellant,

versus

ALLAN ANDERSON, M.D., JACK SCHWADE, M.D.,
MEDICAL CITY DALLAS HOSPITAL,

Defendants-Appellees,


TUONG B. VAN, M.D.,

Plaintiff-Appellant-Cross-Appellee,

versus

ALLAN ANDERSON, M.D., JACK SCHWADE, M.D.,
MEDICAL CITY DALLAS HOSPITAL

Defendants-Appellees-Cross-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas, Dallas Division
3:99-CV-311-P
_____


Before REAVLEY, JOLLY, and JONES, Circuit Judges.


1

PER CURIAM:[*]

Appellant Tuong B. Van appeals the district court's grant of summary judgment in favor of appellees Allan Anderson, M.D., Jack Schwade, M.D., and Medical City Dallas Hospital (collectively "Appellees"). Van also appeals the district court's award of costs to Appellees pursuant to 28 U.S.C. § 1920 (2000). Appellees cross-appeal the district court's denial of their motion for attorneys' fees. Finding no error in the district court's judgment, except as to one element of costs, we affirm the judgment as amended.

On February 12, 1999, Van filed suit against Medical City, Anderson, and Schwade under 42 U.S.C. § 1981 (2000). He also brought claims for breach of contract against the hospital and defamation and tortious interference claims against Anderson and Schwade. Pertinent to section 1981, Van alleges that Appellees interfered with his ability to make and enforce certain contracts based upon his race and national origin as well as the race and national origin of his patients. Specifically, Van alleges that appellees interfered with his contracts with Medical City for hospital privileges, his contracts with his current and prospective patients and their insurance carriers, his license

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the Texas Board of Medical Examiners, and a contract between himself and Medical City consisting of the medical staff's bylaws. Van's breach of contract and tortious interference claims arise from these same alleged contracts. Van's defamation claims against Anderson and Schwade stem from alleged comments made to third parties that Van provided inappropriate care to one or more of his patients.

We agree with the district court that Van's section 1981 claims, breach of contract claims, and tortious interference claims all fail as a matter of law. The district court correctly found that neither the medical staff bylaws nor his business relationship with his patients could constitute a contractual relationship upon which liability could be predicated. Furthermore, Van's claims for loss of his hospital privileges cannot survive summary judgment because Van's privileges with the hospital were not involuntarily terminated; instead, his term expired and he failed to reapply for privileges with the hospital. And on appeal, Van no longer suggests that appellees interfered with his medical license. Finally, we agree with the district court that Van's defamation claims against Anderson and Schwade must fail because they are both immune from civil liability under the Health Care Quality Improvement Act, 42 U.S.C. § 11111(a) (2000) ("HCQIA").

3

The district court also correctly declined to adopt Van's constitutional challenges to HCQIA and the Texas Peer Review Statute. Van argues that the HCQIA is unconstitutional because it is outside of Congress's authority under the Commerce Clause and violates Van's rights to equal protection and due process under the Fifth Amendment. The Fourth Circuit has addressed this very argument and held that the HCQIA was well within Congress's Commerce Clause power. <u>Freilich v. Upper Chesapeake Health, Inc.</u>, 313 F.3d 205, 213 (4th Cir. 2002). The court in <u>Freilich</u> also held that the statute did not violate the Fifth Amendment's equal protection and due process guarantees. <u>Id</u>. at 211-12. Since the district court's judgment with respect to the defamation claims can be affirmed without addressing the constitutionality of the Texas Peer Review Statute, we need not address the issue, nor was it error for the district court to decline to do so.

Van next challenges the district court's refusal to reopen discovery for the purpose of obtaining and authenticating a letter from the Texas Board of Medical Examiners dated December 7, 2001, which stated that the Board had examined Van's medical practice at the hospital and found no evidence that Van had engaged in practices violating the Texas Medical Practice Act. Van believes this evidence is relevant to his claims. While this letter may be relevant to establishing discrimination or that the

4

peer review procedure was a sham and a pretext, the district court did not abuse its discretion in failing to reopen discovery. This evidence does not save Van's claims from the failure to establish the necessary contractual relationships or to overcome the immunity provided by the HCQIA.

Finally, Van appeals the district court's award of Appellees' costs pursuant to 28 U.S.C. § 1920 (2000) related to copying documents, document retrieval, record searches, obtaining certified documents, obtaining deposition transcripts, and videotapes of depositions. We affirm the district court's award of costs in all respects except as to the award of $937.50 for videotapes of depositions. This court has previously held that section 1920 does not authorize recovery of costs for the videotapes of depositions. Migis v. Pearl Vision, Inc., 135 F.3d 1041, 1049 (5th Cir. 1998). Thus, we amend the order of the district court to allow the recovery of $66,313.05 of taxable costs.

With respect to Appellees' cross-appeal regarding the denial of attorneys' fees, we hold that the district court did not abuse its discretion in denying an award of fees. Appellees moved for attorneys' fees under 42 U.S.C. § 1988 (2000), 42 U.S.C. § 11113 (2000), and Tex. Occ. Code Ann. § 160.008 (West 2000). Appellees requested the district court to award $568,857 in attorneys' fees. Appellees concede that to recover attorneys'

5

fees under any of these three statutes, they must show that Van's claims were unreasonable, frivolous, or brought in bad faith. The district court noted that Van's claims were lacking in merit and that the factors this court enunciated in United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991) for determining whether a case is frivolous weighed in favor of awarding fees. The district court held, nevertheless, that fee-shifting was not appropriate because Van "raised serious issues of discrimination" at the Hospital, even though he lost his case on other grounds. Having reviewed the record, we hold that the district court did not abuse its discretion so concluding.

Appellees also seek to recover fees pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 (West 1997), which provides that courts equitably may shift fees in declaratory judgment actions. This argument is without merit. A party may not rely on Section 37.009 to authorize attorneys' fees in a diversity case because this Texas statute articulates procedural rather than substantive law. Utica Lloyd's v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998).

Having found no error as to the grant of summary judgment, the denial of the motion to reopen evidence, the denial of attorneys' fees, or in the award of taxable costs, except as to that portion of the award related to deposition videotapes, we affirm as amended the judgment of the district court.

**AFFIRMED AS AMENDED.**