# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00327-CV

**Appellant, Orlando Lopez// Cross-Appellant, Texas Capital Bank**

**v.**

**Appellee, Texas Capital Bank// Cross-Appellee, Orlando Lopez**

## FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-005627, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Orlando Lopez appeals from the trial court's grant of summary judgment in favor of Texas Capital Bank on his age discrimination claim under the Texas Commission on Human Rights Act. *See* Tex. Lab. Code § 21.051. Cross-Appellant Texas Capital Bank appeals the trial court's denial of its request for attorney's fees. For the following reasons, we affirm the final judgment.

### BACKGROUND[1]

In January 2000, Lopez began working as a branch services officer at Texas Capital Bank (the Bank). He was subsequently promoted to manager and senior manager. As senior manager, Lopez oversaw bank operations and personnel.

---

[1] The facts are taken from the summary-judgment evidence.

The Bank's employees are governed by a code of conduct, violation of which might subject an employee "to disciplinary action up to and including termination of employment." The code of conduct requires "honest and ethical conduct," compliance with all "applicable government laws, rules, and regulations," and "accountability for compliance with the code." Lopez signed an acknowledgment that he had read, understood, and would comply with the code of conduct.

In 2009, Lopez was investigated and written up for "inappropriate behavior," including unequal treatment of employees and failure to enforce bank policies uniformly. In 2018, Lopez was again investigated and written up for failures to follow operational and regulatory policies, including by mishandling cash, and was given a "final warning," that further problems "will result in further disciplinary action, up to and including immediate termination of employment."

In January 2021, a branch employee reported that employees were improperly altering deposit agreements. Following another investigation, the Bank terminated Lopez's employment along with that of another employee who had failed to follow proper banking procedures. After Lopez's termination, a fifty-one-year-old female was assigned to manage the branch until the position was permanently filled a few months later, by a fifty-two-year-old male.

Lopez, aged sixty-four at the time of his termination, sued the Bank, alleging that age was a determining or motivating factor in the decision to terminate his employment. The Bank filed a no-evidence and traditional motion for summary judgment, attaching as evidence affidavits from bank employees, the Bank's code of conduct, Lopez's acknowledgment of that policy, formal warnings given to Lopez and documented in his employment file, documentation of the 2021 investigation of Lopez, and responses obtained in discovery. Lopez filed a response

opposing the motion, attaching as evidence his own affidavit, a complaint filed with the state employment commission, and discovery disclosures. The trial court signed a final order (1) granting the Bank's motion for summary judgment without specifying the grounds, (2) denying the Bank's request for attorney's fees, and (3) dismissing the cause with prejudice. This appeal followed.

## ANALYSIS

In two issues, Lopez argues that the trial court erred in admitting summary-judgment evidence over his hearsay objection, evidence without which he asserts the Bank would not have been able to establish a legitimate, non-discriminatory basis for his termination, and that the trial court erred in granting the Bank's motion for summary judgment because he raised a genuine issue of material fact regarding the reason for his termination.

**Hearsay**

In his first issue, Lopez argues the trial court erred in overruling his hearsay objections to (1) paragraph 7 in the affidavit of Bank supervisor Roxanne Bishop and (2) the entirety of Bishop's notes from her investigation, which were attached to her affidavit as Exhibit B-2, on the basis that they contained "inadmissible hearsay statements as to what other employees allegedly said" and he urges the same objection on appeal.

We review a trial court's evidentiary rulings for an abuse of discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

3

Hearsay is an out-of-court statement offered "in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Hearsay is inadmissible unless it falls under some exception provided by rule or statute. Tex. Evid. R. 802. If an out-of-court statement is offered for a purpose other than to prove the truth of the matter asserted, it is not hearsay. *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex. 1992).

Paragraph 7 of Bishop's affidavit states that Bishop interviewed Lopez's "team members" regarding the allegation that employees had been improperly altering deposit agreements and that the "investigation confirmed" that Lopez "had improperly and incorrectly trained his staff with respect to bank policy." Paragraph 7 does not contain an out-of-court oral or written verbal expression by Lopez's staff members. *See* Tex. R. Evid. 801. Because it did not contain hearsay, the trial court did not abuse its discretion in overruling Lopez's objection to Paragraph 7 of Bishop's affidavit.

Exhibit B-2 consists of typewritten notes documenting Bishop's investigation of reports that employees were improperly altering deposit agreements. The notes document her meetings with Lopez as well as meetings with three other branch employees and conclude with recommendations, including to terminate Lopez's employment "for lack of confidence, lack of oversight, lack of judgment," and "not following banking processes and procedures." The notes contain summaries of statements by the employees, including their statements explaining in detail how they performed their work. The Bank, however, did not offer the statements to prove that employees worked in the way they asserted, but to show how Bishop's investigation was performed and the basis for her employment recommendations following the investigation. Because the statements in B-2 were not offered for the truth of the matter asserted, they did not constitute hearsay and the trial court did not abuse its discretion in admitting them. *See id.* R.

4

801(d) (defining hearsay); *Austin v. Austin*, No. 03-18-00678-CV, 2019 Tex. App. LEXIS 8255, at *10 (Tex. App.—Austin Sep. 12, 2019, no pet.) (mem. op.) (concluding statements offered for purpose other than proving truth of matter asserted in statements were not hearsay).

We overrule Lopez's first issue on appeal.

**Grant of Summary Judgment**

In his second issue, Lopez challenges the trial court's grant of the Bank's motion for summary judgment alleging he raised a genuine issue of material fact regarding the discriminatory reason for his termination.

***Standards of Review***

We review the grant of summary judgment de novo. *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). When the trial court does not specify the grounds for its ruling, we will affirm the summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). The reviewing court must take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *JLB Builders, L.L.C v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). When a party moves for both traditional and no-evidence summary judgment, we consider the no-evidence motion first. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019).

To prevail in a traditional summary judgment, the movant must prove there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c), *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). Under the no-evidence standard for summary judgment, when a defendant's motion states elements to which there is no

5

evidence, the trial court must grant the motion unless the non-movant produces summary judgment evidence sufficient to raise a genuine issue of material fact as to those elements. Tex. R. Civ. P. 166a(i); *JLB Builders*, 622 S.W.3d at 864.

### *Applicable Law*

The Texas Commission on Human Rights Act (the Act) protects employees from unlawful employment practices on account of the employee's "race, color, disability, religion, sex, national origin, or age." Tex. Lab. Code § 21.051; *see Texas Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 304 (Tex. 2020). The protections for discrimination based on age apply to discrimination against an individual 40 years of age or older. Tex. Lab. Code § 21.101.

We look to federal law to interpret the Act's provisions. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). In a discrimination claim relying on circumstantial evidence, Texas follows the burden-shifting framework the United States Supreme Court established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012). This framework requires that (1) the plaintiff establish a prima facie case of discrimination, (2) the defendant then must rebut the presumption by producing evidence of a legitimate, non-discriminatory reason for the action, and (3) the plaintiff must then overcome the rebuttal evidence with evidence that the defendant's reason is pretextual. *Flores*, 612 S.W.3d at 305. "[T]he burden of persuasion remains at all times with the employee." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018).

"In an age-discrimination case, the plaintiff establishes a prima facie case with evidence that she (1) was a member of the protected class (that is, 40 years of age or older),

6

(2) was qualified for the position at issue, (3) suffered a final, adverse employment action, and (4) was either (a) replaced by someone significantly younger or (b) otherwise treated less favorably than others who were similarly situated but outside the protected class." *Flores*, 612 S.W.3d at 305 (citing *Mission Consol.*, 372 S.W.3d at 632; *Reyes*, 272 S.W.3d at 592).

"Texas courts have reconciled [the *McDonnell-Douglas* burden-shifting] framework with our summary judgment procedure by requiring an employer moving for traditional summary judgment to establish as a matter of law a legitimate, nondiscriminatory reason for its adverse employment action, at which point the burden shifts to the employee to raise a fact issue regarding whether the employer's reason was a pretext for discrimination." *Haver v. Coats*, 491 S.W.3d 877, 883 n.3 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000); *Niu v. Revcor Molded Prods. Co.*, 206 S.W.3d 723, 728 (Tex. App.—Fort Worth 2006, no pet.)).

### *Application*

**Lopez established a prima facie case for discrimination.**

The Bank argues that Lopez failed to establish a prima facie case of discrimination for two reasons: that (1) Lopez was not qualified for the position at issue and (2) Lopez was not replaced by a significantly younger employee. Lopez asserts that his affidavit detailing his past employment at the Bank and the age difference with his replacements was sufficient to meet his burden to establish a prima facie case. We agree with Lopez.

**Evidence of Qualification**

The Fifth Circuit has held that "a plaintiff challenging his termination or demotion can ordinarily establish a prima facie case of age discrimination by showing that he continued to

possess the necessary qualifications for his job at the time of the adverse action." *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1506 (5th Cir. 1988). "By this," the court explained "we mean that plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired." *Id*. at 1506 n.3; *see also Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 305 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (explaining and following "the *Bienkowski* standard").

In his sworn affidavit, Lopez stated that he worked for the Bank for twenty years and was given positive yearly reviews, salary increases and performance bonuses. The affidavit evidence of Lisa Jacobs, a senior vice president at the Bank, established that Lopez began as a branch services officer and was subsequently promoted to manager and senior manager. Although Jacobs's affidavit details multiple investigations and reprimands leading up to Lopez's termination, there was no evidence in the record of a status change or disability impacting Lopez's qualification for the position he held.

The Bank argues that Lopez was no longer qualified to serve as a senior manager because of his disciplinary history, but evidence of poor performance reviews "does not prove a lack of qualifications at the prima facie stage." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 350–51 (5th Cir. 2007) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 681 (5th Cir. 2001); *Lindsey v. Prive Corp.*, 987 F.2d 324, 327 (5th Cir. 1993)); *see also Bienkowski*, 851 F.2d at 1505 ("Placing a plaintiff's 'qualifications' in issue at both the prima facie case and pretext stages of a termination case is an unnecessary redundancy."); *Gold v. Exxon Corp.*, 960 S.W.2d 378, 382 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("[T]he courts have generally reserved questions of poor work performance for the second and third phases of the

8

employment discrimination burden-shifting analysis."). We conclude that for the purpose of establishing a prima facie case, Lopez demonstrated that he was qualified for his position.

**Evidence of Replacement by Younger Employee**

To establish a prima facie case of age discrimination, the plaintiff must additionally prove replacement by "someone significantly younger." *Flores*, 612 S.W.3d at 305. An inference that an employment decision was based on discrimination cannot be made by the replacement of a worker with another worker "insignificantly younger." *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). A showing that the employee was replaced with someone outside of the protected class, however, is not required. *Id.* at 312 ("The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age*.") (emphasis in original).

The Fifth Circuit has not settled on a "bright-line" rule allowing for an inference of age discrimination to establish a *prima facie* case. *Flanner v. Chase Inv. Servs. Corp.*, 600 F. App'x 914, 919 (5th Cir. 2015). Nonetheless, in the federal courts, "[a]ge differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of age discrimination prima facie case." *Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir. 2003); *see id.* (listing cases); *see also Hudgens v. University of Tex. MD Anderson Cancer Ctr.*, 615 S.W.3d 634, 651 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (Poissant, J., concurring and dissenting) (citing cases holding that age difference of ten or more years is generally considered significant in federal courts and advocating application of "a zone of discretion in age-discrimination cases involving replacement by a person who is between six and ten years younger than the plaintiff").

The undisputed evidence was that Lopez's temporary and permanent replacements were 12 and 13 years younger than him. Considering the evidence in the light most favorable to the nonmovant, the evidence was sufficient to establish a prima facie case Lopez was replaced by someone "significantly younger."

**Legitimate, Nondiscriminatory Reason**

Because Lopez established a prima facie case, the Bank was required to "articulate a legitimate, non-discriminatory reason for its decision to terminate" his employment. *Berquist*, 500 F.3d at 356. "Poor performance . . . is the quintessential legitimate, non-discriminatory reason for termination[.]" *Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012); *see also Singleton v. YMCA of Greater Hous.*, 788 F. App'x 292, 292 (5th Cir. 2019) ("Assuming a *prima facie* case *arguendo*, the court further convincingly explained that the employer had articulated a legitimate, nondiscriminatory reason for the termination, namely, 'poor job performance[.]'"); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) ("Poor work performance is a legitimate, non-discriminatory reason for discharge."); *Texas Dep't of Motor Vehicles v. Bustillos*, 630 S.W.3d 316, 333 (Tex. App.—El Paso 2021, no pet.) (holding violation of employer's policy was legitimate, non-discriminatory reason for termination).

The Bank's undisputed summary judgment showed at least three documented incidents of poor work performance by Lopez that led to disciplinary action. The evidence also demonstrated that Lopez was given a written warning that failure to follow Bank policies and procedures would result in additional disciplinary action, possibly to include termination. Lopez does not dispute the Bank's evidence that bank employees under his supervision violated Bank

policies and procedures, that he was warned he might be fired for such failures if they recurred, and that following that warning, Bank employees under his supervision again failed to follow bank procedures and policies.

This undisputed evidence of a legitimate, non-discriminatory reason for Lopez's firing is sufficient to shift the burden back to Lopez to demonstrate that the Bank's reason is pretextual. *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015).

**Pretext**

To survive the Bank's no-evidence motion for summary judgment, Lopez had to produce more than a scintilla of evidence that the Bank's reason for firing him was pretextual. Tex. R. Civ. P. 166a(i); *Kaplan*, 525 S.W.3d at 308. A plaintiff must rebut each nondiscriminatory reason articulated by the employer. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Id*. An employee's "own subjective belief is insufficient to establish discriminatory intent." *Flores*, 612 S.W.3d at 313.

To establish that the Bank's stated reason for his termination was pretextual, Lopez points to the affidavit he filed in response to the summary judgment motion in which he asserted that the incidents leading to his firing were minor, that the mistakes leading to disciplinary action were made by subordinates, that staff errors were attributable to a lack of training, and that he had asked the Bank to provide more employee training. In a sworn complaint, Lopez also asserted his belief that he was discriminated against based on his age.

Taking all these allegations as true, they would not constitute any evidence of pretext—that the reasons given by the Bank for his termination were "not the real reason for the

11

adverse employment action." *Laxton*, 333 F.3d at 578. Even if Lopez was correct about the relative lack of gravity of his conduct and his level of culpability in the failures of the employees he managed, Lopez offered no evidence beyond his subjective belief that his termination was motivated by his age, which was insufficient to constitute evidence of discriminatory intent. *See Flores*, 612 S.W.3d at 313.

Viewing the evidence in the light most favorable to Lopez, he failed to produce a scintilla of evidence regarding pretext and therefore the trial court did not err in granting summary judgment on behalf of the Bank. *See* Tex. R. Civ. P. 166a(i); *JLB Builders*, 622 S.W.3d at 864.

We overrule Lopez's second issue on appeal.

**Attorney's Fees**

In its sole cross-issue on appeal, the Bank argues that the trial court erred in denying its request for attorney's fees. The Bank asserts that because Lopez failed to provide any evidence of discrimination, the case was groundless and without foundation and therefore merited the award of attorney's fees to them.

We review the district court's denial of attorney's fees in this case for an abuse of discretion. *See Texas Health & Human Servs. Comm'n v. Wolfe*, No. 03-08-00413-CV, 2010 Tex. App. LEXIS 5566, at *6–7 (Tex. App.—Austin July 14, 2010, pet. denied) (mem. op.) ("[W]e review relief awarded under Labor Code sections 21.125 and 21.259, including declaratory judgments, injunctions, and attorney's fees, for abuse of discretion.")

In an age discrimination proceeding under the Texas Labor Code, the district court "may allow the prevailing party, other than the commission, a reasonable attorney's fee as

12

part of the costs." Tex. Lab. Code § 21.259(a).  If an employer is the prevailing party, a district court may award attorney's fees when the plaintiff's claims were "frivolous, meritless, or unreasonable, or the plaintiff continued to litigate after it became clear that his claim was frivolous."  *Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 144–45 (Tex. App.—Fort Worth 2000, pet. denied) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, (1978)).

Here, although Lopez failed to produce evidence of the Bank's discriminatory motivation in firing him, he brought evidence sufficient to allow us to conclude he established a prima facie of age discrimination.  Given this, and applying the applicable deferential standard of review, we cannot conclude that the trial court abused its discretion by declining to award attorney's fees to the Bank in this case.  *See United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (considering whether a plaintiff established a prima facie case as important factor to frivolity determination); *Miskevitch v. 7-Eleven, Inc.*, No. 05-17-00099-CV, 2018 Tex. App. LEXIS 5680, at *7 (Tex. App.—Dallas July 25, 2018, no pet.) (mem. op.) (upholding trial court's denial of employer's request for fees and declining to engage in "'post hoc reasoning' leading to the conclusion that because a plaintiff did not prevail, her suit was necessarily unreasonable or without foundation").

We overrule the Bank's cross-issue on appeal.

## CONCLUSION

Having overruled the issues on appeal we affirm the trial court's final judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   May 23, 2024