**Leon KAPLAN, Appellant**

v.

**The CITY OF SUGAR LAND, Appellee**

**NO. 14-15-00381-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed April 6, 2017

Peter J. Bennett, Houston, TX, for Appellant.

Julie R. Offerman, William S. Helfand, Houston, TX, for Appellee.

Panel consists of Justices Busby, Donovan, and Wise.

## OPINION

J. Brett Busby, Justice

Appellant Leon Kaplan sued appellee, the City of Sugar Land, Texas, for age discrimination under the Texas Commission on Human Rights Act (TCHRA). Tex. Lab. Code Ann. § 21.051 (West 2015). The City moved for summary judgment on traditional and no-evidence grounds. The trial court granted the motion without specifying the grounds. In a single issue, Kaplan argues that the trial court erred in granting summary judgment. We affirm.

### BACKGROUND

Kaplan began working for the City in 2005 and served as the administrative manager of the City's Parks and Recreation Department. His responsibilities included: managing the administrative function of the department; supervising the front office operations and secretarial staff; preparing, monitoring, and managing the department's budget; and developing and managing certain special projects and programs of the department. These special projects and programs included the department's cultural arts program and the Sugar Land Legacy Foundation, a nonprofit corporation established to support the City's parks and civic facilities. For the cultural arts program, Kaplan was responsible for managing payments for artwork purchased by the City and for maintaining records and handling deposits and refunds relating to public use of city property. As

the City's liaison for the Sugar Land Legacy Foundation, Kaplan was responsible for preparing the Foundation's budget and obtaining a group photograph of the Foundation's board of directors.

The City offered evidence that Kaplan's work performance declined quickly during the summer of 2011, as Kaplan repeatedly failed to complete tasks in a timely and professional manner. The City also offered evidence of insubordinate conduct by Kaplan: sending a rude, unprofessional email to a co-worker; and distributing a memorandum throughout the department that challenged his supervisors' authority. Although Kaplan received repeated counseling from his supervisors, the City concluded that his performance did not improve.

Following these events, the City removed Kaplan's responsibilities regarding the Sugar Land Legacy Foundation and cultural arts program, and it eventually decided to terminate Kaplan. Parks and Recreation Department Director James Browne, Kaplan's direct supervisor Christopher Mobley, and human resources representative Shelly Freeman met with Kaplan and informed him that the City had decided it was in its best interest to discharge him. They cited his decline in work performance over the last several months, his repeated failure to perform his assignments, and his refusal to improve his conduct. Rather than firing Kaplan, the City gave him the option to resign or retire. In response, Kaplan declined the opportunity to resign or retire and accused the City of discriminating against him because of his age. The City terminated Kaplan's employment.

Kaplan then sued the City, alleging it had fired him because of his age in violation of the TCHRA.[1] The City filed a traditional and no-evidence motion for summary judgment on Kaplan's age-discrimination claim. The trial court granted the City's motion and signed a final judgment dismissing Kaplan's suit with prejudice. This appeal followed.

ANALYSIS

I. **Standard of review**

█ We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court grants the judgment without specifying the grounds, we affirm the summary judgment if any of the grounds presented is meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). Here, the City moved for summary judgment on both traditional and no-evidence grounds; thus, we apply the standard of review appropriate for each type of summary judgment, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 675 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

█ A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirma-

---

1. Kaplan's live pleading (third amended petition) also alleged that the City discriminated against him based on his disability. His claim of disability discrimination is not before us in this appeal, however. In a prior interlocutory appeal, we dismissed that claim with prejudice because Kaplan did not timely assert it in an administrative complaint. *City of Sugar Land v. Kaplan*, 449 S.W.3d 577, 579 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

tive defense. *Dias*, 214 S.W.3d at 676. Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Id.*

A movant may obtain a no-evidence summary judgment if there is no evidence of one or more essential elements of a claim on which the nonmovant has the burden of proof. Tex. R. Civ. P. 166a(i). We sustain a no-evidence summary judgment when (a) there is a complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the nonmovant produces more than a scintilla of evidence to raise a genuine issue of material fact, the trial court cannot grant a no-evidence summary judgment. Tex. R. Civ. P. 166a(i). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions as to the existence of the vital fact. *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

## II. Applicable law

Under the TCHRA, "[a]n employer commits an unlawful employment practice if because of ... age the employer ... discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." Tex. Lab. Code. Ann. § 21.051(1). By adopting the TCHRA, the Legislature "intended to correlate state law with federal law in employment discrimination cases." *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (quoting *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003)); *see* Tex. Lab. Code Ann. § 21.001(1) (West 2015). We therefore look to federal law to interpret the TCHRA's provisions. *AutoZone, Inc.*, 272 S.W.3d at 592.

Texas courts "follow the settled approach of the U.S. Supreme Court in recognizing two alternative methods of proof" in cases alleging disparate treatment based on age.[2] *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012). One method is by direct evidence of the City's actions or words. *Id.* The second method, which is relevant here, involves circumstantial evidence of discrimination. *Rosenberg v. KIPP, Inc.*, 458 S.W.3d 171, 175 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

In evaluating circumstantial evidence, Texas courts use the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Garcia*, 372 S.W.3d at 634; *Baker v. Gregg County*, 33 S.W.3d 72, 80 (Tex. App.—Texarkana 2000, pet. dism'd). A terminated employee proceeding under this framework must first make a prima facie case of age discrimination, showing that he was (1) a member of the class protected by the TCHRA (i.e. at least forty years old), (2) qualified for his employment position, (3) terminated by the employer, and (4) replaced by someone younger or otherwise

**2.** To the extent Kaplan's petition could be read to allege a claim of disparate impact, he stated in his response to the City's motion for summary judgment that he was not asserting such a claim. We therefore do not consider it.

discharged because of age. *Garcia*, 372 S.W.3d at 632; *Hernandez v. Grey Wolf Drilling, L.P.*, 350 S.W.3d 281, 284 (Tex. App.—San Antonio 2011, no pet.). If a plaintiff meets the "minimal" initial burden of establishing a prima facie case of discrimination, he is entitled to a presumption of discrimination. *Garcia*, 372 S.W.3d at 634. The burden then shifts to the defendant to show that the plaintiff was terminated for a legitimate, nondiscriminatory purpose. *Gonzalez v. Champion Tech., Inc.*, 384 S.W.3d 462, 466 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). If the defendant articulates a legitimate, nondiscriminatory reason for its decision, the burden shifts back to the plaintiff to show either that the stated reason was a pretext for discrimination or that even if the reason was true, discrimination was also a motivating factor for the adverse employment action. *Navy v. Coll. of the Mainland*, 407 S.W.3d 893, 899 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

■ The summary judgment burdens described above must also be taken into account. "Texas courts have reconciled [the *McDonnell Douglas* burden-shifting] framework with our summary judgment procedure by requiring an employer moving for traditional summary judgment to establish as a matter of law a legitimate, nondiscriminatory reason for its adverse employment action, at which point the burden shifts to the employee to raise a fact issue regarding whether the employer's reason was a pretext for discrimination." *Haver v. Coats*, 491 S.W.3d 877, 883 n.3 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see M.D. Anderson Hosp. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000). In addition, an employer may obtain a no-evidence summary judgment if, for exam-

ple, there is no evidence of one or more elements of the employee's prima facie case, or no evidence that the employer's reason was a pretext for discrimination. *E.g.*, *Chandler v. CSC Applied Tech., LLC*, 376 S.W.3d 802, 822 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 555–56 (Tex. App.—Dallas 2006, no pet.).

## III. The trial court properly granted summary judgment for the City.

### A. Kaplan established a prima facie case of age discrimination.

The undisputed evidence shows that Kaplan was 69 years old when he was terminated from his position. This evidence meets the first and third elements of a prima facie case of age discrimination. *See* Tex. Lab. Code Ann. § 21.101 (limiting TCHRA's protection against age discrimination to individuals who are forty years of age or older). At issue on appeal is whether Kaplan satisfied the second and fourth elements of a prima facie case: that he was qualified for the position he held at the time he was fired, and that he was replaced by someone younger. We conclude that Kaplan offered evidence showing a prima facie case of both elements.

#### 1. There is evidence Kaplan was qualified for his position.

To determine whether Kaplan met the second element of his prima facie case, we must first decide what standard governs whether an employee is "qualified" for his position under the TCHRA. The Legislature did not define the term, and, in this case, the parties offer alternative standards. The City argues that Kaplan was not qualified for his position because he was not performing his job at a level that met the City's legitimate expectations at the time of his discharge. The City relies on a line of federal district court cases to

argue that the relevant inquiry is whether the plaintiff performed at the level expected by the employer at the time he was fired, not whether the plaintiff met the technical qualifications for the job or performed satisfactorily during his overall tenure. *See Pita Santos v. Evergreen All. Golf Ltd.*, 650 F.Supp.2d 604, 609–10 (S.D. Tex. 2009) (citing *McClaren v. Morrison Mgmt. Specialists, Inc.*, 316 F.Supp.2d 489, 498 (W.D. Tex. 2004)).[3]

Kaplan, on the other hand, argues that the trial court should not grant a no-evidence summary judgment at the prima facie stage of termination cases based on a dispute about qualifications. Rather, if the employee has successfully held a position for a period of time, the court should presume the employee is minimally qualified to satisfy the *McDonnell Douglas* elements of the prima facie case.

Kaplan relies on *Berquist v. Washington Mutual Bank*, which held that Berquist, the terminated employee, was not required to show that his performance met Washington Mutual's expectations to establish a prima facie case of discrimination. 500 F.3d 344, 350–51 (5th Cir. 2007). Although Berquist had held his job for two years when he was terminated, the bank argued that he was not qualified for the position he held due to his poor work performance. *Id.* at 349–50. The district court agreed with the bank, holding that "the fact that Berquist was given the position of credit review officer in the first place [does not] constitute evidence that he was qualified." *Id.* at 350.

The Fifth Circuit reversed, holding that the district court's conclusion was error and "expressly foreclosed under Fifth Circuit precedent established in *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988)." *Id.* The court concluded that evidence of poor performance "does not prove a lack of qualifications at the prima facie stage." *Id.* at 351 (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir. 2001)). Because Berquist possessed the same job qualifications when Washington Mutual terminated him as when he was assigned to the credit review position, Berquist did not have to show that his performance met the bank's expectations to establish a prima facie case. *Id.* at 350.

The *Berquist* case applied the standard articulated by the Fifth Circuit in *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1506 n.3 (5th Cir. 1988):

> [A] plaintiff challenging his termination or demotion ... can ordinarily establish a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action.... By this we mean that plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired.

■■■ This Court likewise follows the *Bienkowski* standard. *See Gold v. Exxon Corp.*, 960 S.W.2d 378, 382 (Tex. App.—Houston [14th Dist.] 1998, no pet.). That standard is not only consistent with the minimal nature of a prima facie case as well as the Texas scintilla-of-evidence standard for avoiding no-evidence summary judgment, it helps avoid redundancy in applying the *McDonnell Douglas* framework in termination cases. *See Bienkow-*

---

**3.** The City also cites *Amsel v. Texas Water Development Board*, 464 Fed.Appx. 395, 400 (5th Cir. 2012) (per curiam). That case is not relevant to our analysis because it analyzed the different question whether an employee was qualified under the Americans with Disabilities Act, which required that he be able to perform the essential functions of his job with reasonable accommodation. *See* 42 U.S.C. § 12111(8).

*ski*, 851 F.2d at 1506 ("Placing a plaintiff's 'qualifications' in issue at both the prima facie case and pretext stages of a termination case is an unnecessary redundancy.... The lines of battle may then be drawn over the employer's articulated reason for its action and whether that reason is a pretext for age discrimination."). Under this standard, a plaintiff can make a prima facie showing that he was qualified for the position he held by including evidence that, for example, he had not lost any necessary qualifications or professional licenses nor suffered a physical disability that rendered him unfit for the position. *See, e.g., Davis v. City of Grapevine*, 188 S.W.3d 748, 767 (Tex. App.—Fort Worth 2006, pet. denied). The focus is "on the employee's bare ability to do the work, not the quality of the work done." *Gold*, 960 S.W.2d at 382.

Applying this standard, the cases cited by the City are distinguishable from the present case. The City cites *Pita Santos*, 650 F.Supp.2d 604, which, in turn, cites *McClaren*, 316 F.Supp.2d at 498. But the employer in *Pita Santos* does not appear to have disputed that the former employee was qualified, so the court did not decide that issue. 650 F.Supp.2d at 610. Both *McClaren* and the case it cites, *Detz v. Greiner Indus. Inc.*, 346 F.3d 109, 119 (3d Cir. 2003), are distinguishable from Kaplan's suit because they are disability cases; they held that the plaintiffs could not establish a prima facie case of age discrimination because they were unable to reconcile statements that they were disabled for purposes of social security disability benefits with assertions that they were quali-

fied for purposes of the TCHRA. *Detz*, 346 F.3d at 111; *McClaren*, 316 F.Supp.2d at 504. These holdings are in line with the *Bienkowski* standard: the plaintiffs "suffered physical disability" that "rendered [them] unfit for the position for which [they] were hired." *Bienkowski*, 851 F.2d at 1506 n.3.[4]

The record includes evidence that Kaplan held his position for nearly six years and received a satisfactory employee review and a merit increase in pay for the employment year that ended September 30, 2011. There is no evidence that Kaplan filed for social security disability benefits or otherwise was physically incapable of performing his tasks. We therefore conclude that Kaplan made a prima facie case that he was qualified at the time he was fired on December 8, 2011.

### 2. There is evidence Kaplan was replaced by someone younger.

To satisfy the fourth element of a prima facie case of age discrimination, a plaintiff must show that he was replaced by someone younger. *Garcia*, 372 S.W.3d at 642. The City argues that Kaplan failed to satisfy this element because he offered no competent summary judgment evidence to support that he was either "replaced" within the meaning of the TCHRA or that his replacement was "significantly younger" than he. We disagree.

A terminated employee is replaced when the terminated employee's position is filled by another person and that person is assigned the terminated employ-

---

4. The City also relies on *Reno v. Metropolitan Transit Authority*, 977 F.Supp. 812, 821 (S.D. Tex. 1997). But *Reno* further supports our use of the standard provided in *Bienkowski*. Although the court credited only the employer's perception of the employee's qualifications, the court focused not on the employee's work performance, but on her technical qualifications for the job she possessed. *Id.* at 821–22. The court held the employee was not qualified under the TCHRA because she lacked the technical qualifications required for the position. *Id.*

ee's former job duties. *Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 435–36 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). For an inference of age discrimination to be drawn, the replacement cannot be "insignificantly younger" than the plaintiff. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *see Hartis v. Mason & Hanger Corp.*, 7 S.W.3d 700, 705 (Tex. App.—Amarillo 1999, no pet.) (holding that three-year difference, from 49 to 46 years old, was insufficient to establish fourth requirement of prima facie case); *see also Grosjean v. First Energy Corp.*, 349 F.3d 332, 338 (6th Cir. 2003) ("The overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination prima facie case."). We therefore examine whether Kaplan's summary judgment evidence shows that he was replaced within the definition of the TCHRA and that his replacement was young enough to support an inference of age discrimination.

Kaplan stated in an affidavit that he was replaced by Jennifer May and Tanya Dannhaus, both of whom were "significantly younger" than he. The City first argues that this statement proves Kaplan cannot meet the fourth element because two individuals cannot "replace" an employee under the TCHRA.[5] The record also includes a screen shot of the City's online directory, however, which lists Tanya Dannhaus as the City's Administrative Manager, Kaplan's former position. At the very least, this evidence creates a fact issue regarding whether Kaplan was replaced by one person. Tex. R. Civ. P. 166a(i); *Goodyear Tire*

& *Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

■ The City also argues that Kaplan's statement that he was replaced by someone "significantly younger" is conclusory and, therefore, insufficient to raise a fact issue. A conclusory statement "express[es] a factual inference without stating the underlying facts on which the inference is based." *La China v. Woodlands Operating Co., L.P.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *Arkoma Basin Expl. Co., Inc. v. FMF Associates 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008)). Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted. *Ryland Grp. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). In *La China*, a defense witness's affidavit in support of a motion for summary judgment attested that the original defendants were not "owners, lessors, lessees, or managers of the waterpark or employers of anyone working there." 417 S.W.3d at 520. We held that these statements were not conclusory because "they furnish some factual information that could have been rebutted and, therefore, contain enough underlying facts to support a summary judgment award." *Id.*

Here, even if Kaplan's statement that "I was replaced by someone significantly younger" is a factual inference, he stated two underlying facts on which the inference was based: "I was the oldest employee at the City" and the person who replaced him was "between 30 and 35." Like the statement in *La China*, Kaplan's statements furnish some factual information that the City could have rebutted, particularly given that the age in question was that of its own employee. Considering the

---

5. *See Baker*, 33 S.W.3d at 81–82 ("When a terminated employee's job duties are distributed among other employees after termi-nation, those employees do not replace the terminated employee.").

evidence in the light most favorable to the nonmovant, we conclude Kaplan's evidence satisfies his burden to make a prima facie case of age discrimination.

## B. The City conclusively proved legitimate, nondiscriminatory reasons for firing Kaplan.

Kaplan's prima facie case raises a presumption that his termination, "if otherwise unexplained, [was] more likely than not based on the consideration of impermissible factors." *Garcia*, 372 S.W.3d at 634 (quoting *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978)). To rebut the presumption of discrimination, the City must provide a legitimate, nondiscriminatory reason for Kaplan's firing. *EEOC v. Chevron Phillips*, 570 F.3d 606, 615 (5th Cir. 2009); *Garcia*, 372 S.W.3d at 634. In order to obtain summary judgment, the City was required to prove such a reason as a matter of law. *Willrich*, 28 S.W.3d at 24. The City's burden may be met by proving Kaplan was fired because of: (1) his insubordination; or (2) his failure to perform satisfactorily. *Reeves*, 530 U.S. at 142, 120 S.Ct. 2097; *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 476 (5th Cir. 2015) (holding employer satisfied its burden of production); *Pita Santos*, 650 F.Supp.2d at 611; *Yiqing Feng v. Sabic Americas, Inc.*, No. 14-07-00699-CV, 2009 WL 679669, at *11 (Tex. App.—Houston [14th Dist.] Mar. 17, 2009, pet. struck).

The City's undisputed summary judgment evidence provides several instances of poor work performance:

- Kaplan failed to prepare the City's budget for the Sugar Land Legacy Foundation in a timely manner and the draft that he submitted "at the last minute" was deficient and failed to conform to the City's budget requirements and standards;

- Kaplan failed to take a single group photograph of the Foundation's board of directors as instructed, and he attempted to remedy the failure by using six individual photographs instead;

- Kaplan failed to properly report and account for the department's revenues and expenditures;

- Kaplan failed to timely transmit payments for artwork purchased by the City;

- Kaplan failed to timely refund deposits paid by members of the public; and

- Kaplan submitted reports that contained basic mathematical errors that had to be returned to him for corrections on numerous occasions.

In response to these deficiencies, Browne counseled Kaplan regarding his poor work performance. After Kaplan's performance did not improve to the City's satisfaction, Browne informed Kaplan that he was removing Kaplan from the cultural arts program and the Legacy Foundation.

The City also offered evidence that Kaplan's performance continued to decline. Over the course of the next two months, three different supervisors reprimanded and counseled Kaplan for various acts of unprofessional conduct. Kaplan was counseled for acting inappropriately toward fellow City employees, neglecting his duties, and leaving the front office unsupervised for extended periods of time while he watched games of pool, relaxed, and took naps on the couch at the City's Senior Center.

Browne counseled Kaplan that he could be fired for sleeping on the job or leaving the front office of the department unattended. Despite the additional counseling, Kaplan's direct supervisor, Christopher Mobley, stated in an affidavit that he

found Kaplan committing the same acts of misconduct about which he had already been counseled. Mobley counseled Kaplan regarding his conduct and ordered Kaplan to stop taking naps and spending excessive amount of time sitting in the Senior Center during work hours. In response to Mobley's counseling, Kaplan distributed a memo to other City employees entitled, "Top Ten Reasons to Take Rest Breaks." The City perceived the memo as insubordinate and a challenge to Mobley's and Browne's counseling.

Kaplan also sent an email to a co-worker from another City department, Robin Jackson, that the City considered insubordinate. In response to Jackson's request that Kaplan provide her the purchase order number for artwork the City had purchased, Kaplan told Jackson that it was a number she "should have easily found if [she] had done [her] job correctly." The Assistant Parks and Recreation Director, Joe Chesser, viewed the email and found Kaplan's response to be "rude, entirely inappropriate, and completely the opposite of what we expect of our employees." Chesser and Mobley later counseled Kaplan regarding the email.

In response, Kaplan points to evidence that he submitted a proper budget and obtained individual photographs of the Legacy Foundation board members.[6] This evidence does not address the other instances of poor performance and insubordination raised by the City's evidence discussed above.

We conclude the uncontroverted evidence shows that the City fired Kaplan after numerous instances of poor work performance and insubordination. Under the *McDonnell Douglas* framework and the summary judgment standard, the City met its burden of proving that it fired Kaplan for legitimate, nondiscriminatory reasons.

## C. Kaplan offered no evidence that the City's reasons for firing him were a pretext for unlawful discrimination.

In its no-evidence motion for summary judgment, the City contends Kaplan failed to provide any evidence to show the City's legitimate reasons for firing him were pretext for discriminatory motives. Kaplan had the burden of producing more than a scintilla of evidence that the City's stated reasons for firing him were merely a pretext for unlawful discrimination. Tex. R. Civ. P. 166a(i); *Gonzalez*, 384 S.W.3d at 466. Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext. *Agoh v. Hyatt Corp.*, 992 F.Supp.2d 722, 737 (S.D. Tex. 2014). Rather, a plaintiff " 'must rebut each nondiscriminatory reason articulated by the employer.' " *Id.* (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007)). A plaintiff may establish pretext by showing that the employer treated the plaintiff more harshly than other similarly situated employees for nearly identical conduct. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001).

Kaplan offers no evidence to show the City's reasons were pretexts for unlawful age discrimination. In his deposition, Kaplan also made several concessions that reinforce the validity of the City's proffered reasons for firing him. When asked about the inappropriate email he sent to Jackson,

**6.** Kaplan also contends that he was not placed on a performance improvement plan as called for in the City's employee manual. But the manual, which is in our record, did not require the City to utilize progressive discipline before firing Kaplan. In addition, there is uncontroverted evidence that Kaplan was reprimanded and counseled multiple times before he was fired.

Kaplan did not dispute that he wrote the email, and he admitted that he was "not aware of any employee" who had written an email like his but was not fired for it. When asked whether he believed Chesser took his age into consideration when responding to the email complaint, Kaplan replied, "No, I don't think so..... I don't believe that age was the issue with Joe Chesser at the time." Kaplan also agreed that Chesser had not taken any employment action against him that was motivated by age.

Kaplan admitted that he failed to take a group photograph of the Legacy Foundation and that his responsibilities regarding the Foundation were taken away after that incident. He conceded that he had no evidence that his age played a role in the decision to remove him from either the Foundation or the cultural arts program.

Kaplan also admitted that he left the front desk unattended while he rested at the Senior Center and that he later wrote the memorandum "Top Ten Reasons to Take Rest Breaks" in response to Mobley's counseling. And he did not dispute that his supervisors counseled him on multiple occasions regarding his deficient work performance and inappropriate behavior.

Kaplan cited only one other instance of the City replacing an employee over the age of forty with a younger employee. In his deposition, Kaplan stated that Ms. Penewitt, who Kaplan claimed was over the age of fifty, was replaced by an individual who had just turned thirty. Ms. Penewitt's replacement cannot aid Kaplan's case, however, because Kaplan stated that she left the City voluntarily after applying for a job with another city. When asked whether he was aware of anyone the City had removed in order to replace him or her with a younger person, Kaplan replied, "I cannot." Finally, Kaplan conceded that he had no evidence nor reason to believe

that any of the City's supervisors or human resources representatives took his age into consideration when making the decision to fire him.

Kaplan was unable to provide an example of the City making any other ultimate employment decisions based on his age. In a discrimination case, "an adverse employment action means an ultimate employment decision, such as hiring, granting leave, discharging, promoting, and compensating." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003). The employment actions alleged by Kaplan do not meet this standard. Kaplan conceded that the City never reduced his compensation or change the hours of his employment, but pointed only to instances in which he was "reassigned [to] a different reporting structure with different responsibilities." Taking these allegations as true, they cannot form the basis of a claim for age discrimination because they are not ultimate employment decisions. *See Messer v. Meno*, 130 F.3d 130, 140 (5th Cir. 1997) (holding that many actions taken by an employer, though unfavorable to an employee, do not constitute a basis for discrimination because they do not qualify as an ultimate employment decision).

After carefully reviewing all of the summary judgment evidence in the light most favorable to Kaplan, we conclude that the City had legitimate, nondiscriminatory reasons for firing Kaplan, and Kaplan failed to offer evidence that these reasons were a pretext for unlawful discrimination. We therefore hold that the trial court properly granted summary judgment for the City.

### CONCLUSION

We overrule appellant's sole issue and affirm the trial court's final judgment.