

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00489-CV

BELL HELICOPTER TEXTRON, INC.                                  APPELLANT

V.

BRIAN BURNETT                                                  APPELLEE

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-276130-14

----------

## DISSENTING OPINION

----------

In this appeal, we are faced with an issue of first impression in Texas jurisprudence, one which, regrettably, the majority does not fully address. Namely, whether an individual may maintain a cause of action for wrongful termination because of age pursuant to the Texas Commission on Human Rights Act (TCHRA) based solely on alleged discriminatory actions that occurred before

the individual turned forty years old and became a member of the protected class. *See* Tex. Lab. Code Ann. §§ 21.001–.556 (West 2015). Because I believe the plain language of the TCHRA cannot be stretched to cover supposed discriminatory actions that may have occurred prior to an individual's membership in the statutorily enumerated protected class, I must respectfully dissent.

The purpose of the TCHRA, codified in chapter 21 of the Texas Labor Code, was intended to "correlat[e] . . . state law with federal law in the area of discrimination in employment," *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991), and to "conform with federal law under Title VII the Civil Rights Act of 1964, . . . and the Age Discrimination in Employment Act" (ADEA). *Caballero v. Central Power & Light Co.*, 858 S.W.2d 359, 361 (Tex. 1993); *see* Tex. Lab. Code Ann. § 21.001(1). As a result, the TCHRA prohibits discrimination in employment based on "race, color, disability, religion, sex, national origin, or age." Tex. Lab. Code Ann. § 21.051; *see Navy v. Coll. of the Mainland*, 407 S.W.3d 893, 898 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The TCHRA provides that an employer commits an unlawful employment practice if because of age, the employer discharges or otherwise discriminates against an employee. Tex. Lab. Code Ann. § 21.051. Importantly, the TCHRA's provisions "referring to discrimination because of age . . . **apply only to discrimination against an individual 40 years of age or older.**" *Id.* § 21.101 (emphasis added); *see Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 638

2

n.54, 641 (Tex. 2012) (explaining that "the protected class for age discrimination claims consists of those **40 years of age and older**" and recognizing that a thirty-nine-year-old person is outside the protected class) (emphasis added).

It is well-settled that except where prohibited by the TCHRA, an employer may generally terminate an employee's at-will employment for any reason or no reason, even if the employer "carelessly form[s] its reasons for termination." *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 740 (Tex. 2003). In a case under the TCHRA,[1] when an employer presents evidence of a nondiscriminatory reason for an adverse employment action, the employee must then show that the employer's reason was a pretext for unlawful discrimination. *Mitchell v. Tex. Dep't of Criminal Justice*, No. 02-16-00100-CV, 2017 WL 632906, at *3 (Tex. App.—Fort Worth Feb. 16, 2017, no pet.) (mem. op.). To prove pretext, the employee must present evidence showing both that (1) the nondiscriminatory reason given by the employer is false or not credible and (2) the "real reason for the employment action **was unlawful discrimination**."[2] *McNeel v. Citation Oil & Gas Corp.*, 526 S.W.3d 750, 760 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (emphasis added) (citing *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d

---

[1]We may look to analogous federal law to interpret and apply the TCHRA. *Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 302 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[2]When evaluating pretext, we consider the facts as they appeared to the decisionmaker at the time of the decision to terminate employment. *See Kendrick v. Penske Transp. Servs. Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000).

3

802, 814 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)); *Elgaghil v. Tarrant Cty. Junior Coll.*, 45 S.W.3d 133, 140 (Tex. App.—Fort Worth 2000, pet. denied); *see also Little v. Tex. Dep't of Criminal Justice,* 177 S.W.3d 624, 632 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("[T]he United States Supreme Court has made it clear that it is not sufficient merely to show that the employer's reasons are false or not credible; the plaintiff must prove that the employer discriminated intentionally."). Moreover, the relevant inquiry is not whether the stated basis for termination was a pretext, but whether the stated basis for termination was a pretext for unlawful discrimination. *Wal-Mart Stores*, 121 S.W.3d at 740.

In other words, the employee must show that the protected-class characteristic—here, age of at least forty years—motivated the employment decision. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 141, 120 S. Ct. 2097, 2105 (2000) (explaining that when a plaintiff alleges disparate treatment, liability depends on whether "the protected trait (under the ADEA, age) actually motivated the employer's decision" and that the plaintiff's age must have "actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome"); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S. Ct. 1701, 1706 (1993) ("Whatever the employer's decision[-]making process, a disparate treatment claim cannot succeed unless the **employee's protected trait** actually played a role in that process and had a determinative influence on the outcome." (emphasis added)); *Tex. Parks &*

4

*Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 461 (Tex. App.—Austin 2004, pet. denied) (explaining that "disparate-treatment claims . . . require proof that age actually motivated the employer's decision").

With this standard in mind, an exhaustive review of the record shows that it is devoid of any evidence showing that Burnett's protected-class characteristic—age of at least forty—motivated Bell Helicopter's termination decision. *First*, Rosenbaum testified that she decided to fire Burnett in July 2013; at that time, Burnett, who turned forty on August 4, 2013, was still thirty-nine years old. She explained that she had delayed making the termination official until August 20, 2013 only because she had to "work with HR on the termination" and because Burnett was going on vacation. Indeed, all the events leading up to Rosenbaum's July 2013 decision to terminate Burnett—including alleged early 2013 informal meetings between Rosenbaum and Burnett about his alleged deficiencies[3] and the June 2013 formal written discipline about alleged deficiencies in Burnett's performance—occurred when Burnett was thirty-nine years old, and therefore could not have been motivated by unlawful age discrimination under the TCHRA. Likewise, the alleged disparate treatment that Burnett received as compared to younger workers (including Isler)—as evidenced by his and Creamer's testimony—occurred when he was thirty-nine

---

[3]Burnett testified that prior to the June 2013 disciplinary letter, Rosenbaum had given him "constructive criticisms" but had not expressed that he was failing to meet expectations. Rosenbaum testified that before June 2013, she had informal meetings with Burnett in which she criticized his performance.

years old, and therefore could not have been motivated by unlawful discrimination under the TCHRA.

*Second*, the record contains no evidence contradicting Rosenbaum's testimony that she made the termination decision in July 2013, before Burnett turned forty. In fact, Burnett's own testimony appears to corroborate Rosenbaum's testimony in that regard. On cross-examination, when he was asked whether he was surprised by his termination, Burnett said, "No, ma'am." He explained that he had anticipated his termination after the June disciplinary letter. He testified, "After I got [written] up, **I saw the writing on the wall**. Things were changing that were out of my control." [Emphasis added.] Further, Burnett explained that before his official termination on August 20, 2013, he began looking for other jobs within the company, which reflects his anticipation of termination.

Considering: (1) Rosenbaum's testimony that she decided to terminate Burnett in July 2013, when he was thirty-nine years old, and Burnett's testimony that he saw the "writing on the wall" concerning his termination in June 2013, when he was thirty-nine years old; and (2) the fact that all of the circumstantial evidence concerning Rosenbaum's supervision of Burnett that he relies on to show her discriminatory animus occurred when he was thirty-nine years old, it is simply not conceivable that Burnett's sole alleged protected trait under chapter 21—his age of forty or above—motivated Rosenbaum's termination decision or that Rosenbaum's reasons for firing Burnett could be viewed as a pretext for

6

unlawful discrimination under any review of the trial court's decision. *Cf. O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312, 116 S. Ct. 1307, 1310 (1996) ("The discrimination prohibited by the ADEA is discrimination 'because of [an] individual's age,' 29 U.S.C. § 623(a)(1), though the prohibition is 'limited to individuals who are at least 40 years of age,' § 631(a). This language does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older."); *Keister v. PPL Corp.*, 318 F.R.D. 247, 261 (M.D. Pa. 2015) ("Unfortunately, as might seem obvious, ADEA plaintiffs are statutorily limited to those individuals who are at least 40 years of age. That's precisely because alleged mistreatment of individuals who are younger than 40 is presumed not to have been committed on the basis of age.") (internal citations omitted); 1 Howard C. Eglit, *Age Discrimination* § 3.3 (2d ed. 1994) ("Put simply, the ADEA was enacted to protect, not everyone for age discrimination, but rather those employees 40 years old and older."). In other words, even viewing the evidence in the light most favorable to the trial court's judgment that Burnett suffered discrimination due to his age, liability cannot be found under the TCHRA because Burnett was only thirty-nine at the time of that discrimination. *See* Tex. Lab. Code Ann. §§ 21.051, 21.101.

There is simply no evidence of any action that occurred after Burnett turned forty that motivated or precipitated his termination. *See* Tex. Lab. Code Ann. § 21.125(a) (providing that an unlawful employment practice is established

7

when the complainant demonstrates that age was a motivating factor for an employment practice).   Because I believe that the majority departs from the TCHRA's explicit provision that its prohibitions against age discrimination are limited to individuals that are at least forty years of age, I respectfully dissent and would reverse and render.  *See Rabinovitz v. Pena,* 905 F. Supp. 522, 529 (N.D. Ill. 1995) ("The prohibitions under ADEA are limited to those who have **attained** the age of forty or older." (emphasis added)), *aff'd* 89 F.3d 1214 (7th Cir. 1996); *William P. Miles, Complainant, v. John E. Potter, Postmaster Gen., United States Postal Serv., Agency*, EEOC Decision No. 01A12528, 2003 WL 1440686, at *4 (Mar. 13, 2003) ("Furthermore, as the AJ noted in her decision, complainant testified that the intense supervision to which he was subjected began before he turned 40 years old, and therefore prior to the time in which he was protected from age discrimination by the ADEA, and continued in the same manner after he turned 40.  As complainant himself testified that he was subjected to the same treatment both prior to and after his 40th birthday, he cannot establish that the treatment was motivated by his membership in a protected group.").

I greatly fear the majority's decision effectively sanctions any age discrimination suffered by an individual under the age of forty being used as a basis to support the individual's TCHRA claim once he or she turns forty and becomes a member of the protected class.  In doing so, the majority sails Texas employment law into uncharted waters and goes beyond the court's constitutional duty to only interpret the law as written and ignores the plain

8

language of the TCHRA.  *Accord United States v. Palmer,* 16 U.S. (3 Wheat.) 610, 630 (1818) (Marshall, C.J.) ("[W]hen the legislature manifests [its] clear understanding . . . with its words, courts are bound by it."); Antonin Scalia, *Common–Law Courts in a Civil–Law System,* in *A Matter of Interpretation* 20 (Amy Gutmann, ed. 1997) ("Congress can enact foolish statutes as well as wise ones, and it is not for the courts to decide which is which and rewrite the former."); 1 Joseph Story, *Commentaries on the Constitution of the United States* 411 (Boston, Hilliard, Gray Co. 1833) (courts cannot ignore "the plain meaning of a [statutory] provision, not contradicted by any other provision . . . because we believe the framers of that instrument could not intend what they say").  For these reasons, I urge the Supreme Court of Texas to review this decision and provide clarity on this issue.

/s/ Mark T. Pittman  
MARK T. PITTMAN  
JUSTICE

DELIVERED:  June 14, 2018

9