**REVERSE and REMAND and Opinion Filed January 18, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00126-CV

### WILLIAM J. KANEN, Appellant
### V.
### DEWOLFF, BOBERG & ASSOCIATES, INC., Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01228-D**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

In this age discrimination case, William J. Kanen appeals the trial court's summary judgment in favor of his former employer DeWolff, Boberg & Associates, Inc. ("DeWolff"). In three issues, Kanen urges the trial court erred in granting summary judgment because (1) he established a prima facie case of age discrimination, (2) he presented evidence from which a jury could find DeWolff's proffered nondiscriminatory reason for terminating his employment was pretextual, and (3) to the extent the trial court may have applied the same-actor interference to conclude the termination of Kanen's employment was not motivated by discrimination, it erred in doing so. We conclude evidence within the summary

judgment record raises a fact issue precluding summary judgment. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

DeWolff provides management consulting services to corporations. Among its employees are market analysts who contact prospective clients to set up meetings for DeWolff's sales team.

DeWolff employed Kanen as one of its market analysts from August 19, 2010, to September 28, 2015, and from May 16, 2016, to November 28, 2016. Kanen left the employment of DeWolff in September 2015 after a disagreement with his then-supervisor regarding compensation. Approximately eight months later, DeWolff rehired Kanen. On November 28, 2016, DeWolff terminated Kanen's employment. Kanen was 69 years old at that time. DeWolff's articulated reason for terminating Kanen's employment was poor performance, specifically that his set-to-held ratio[1] was low for someone with his level of experience.

Approximately fourteen months after Kanen filed suit against DeWolff, DeWolff filed a hybrid motion for summary judgment on traditional and no-evidence grounds asserting (1) Kanen cannot show that he was treated less favorably

---

[1] The set-to-held ratio is the number of meetings set by a market analyst versus the number of meetings that actually occur.

than a person outside of the protected age group, (2) an inference of non-discrimination applies because the same person hired and fired him, and (3) Kanen cannot show its nondiscriminatory termination reason was pretextual. DeWolff supported its motion with the affidavit of Jonathan Compton, DeWolff's Director of Special Projects,[2] summaries of various performance measures for DeWolff's market analysts, and Kanen's interrogatory responses and disclosures.

In response, Kanen asserted he has evidence that (1) he was either replaced by someone substantially younger or similarly situated employees who were substantially younger were not terminated, and (2) DeWolff's stated reason for terminating his employment was pretextual. In support of his response, Kanen presented his declaration and the declarations of three other former DeWolff employees, various performance charts for DeWolff's market analysts, and the transcript of the deposition of DeWolff's corporate representative.

The trial court granted DeWolff's motion for summary judgment without specifying the grounds therefore. This appeal followed.

**DISCUSSION**

## I. Standard of Review

Because DeWolff moved for a traditional and a no-evidence summary judgment, we set forth the standard of review for both grounds. *See* TEX. R. CIV. P.

---

[2] DeWolff claims Kanen was hired and fired by Compton, who was 53 years old at the time Kanen was re-hired and 54 years old when Kanen was terminated.

166a(c), (i). In a traditional summary judgment, the party moving for summary judgment has the burden to establish that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. *Id.* 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant satisfies its burden, the burden shifts to the nonmovant to present evidence that raises a genuine issue of material fact. *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied).

A party seeking a no-evidence motion for summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof. *See* TEX. R. CIV. P. 166a(i). Once the nonmovant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. *See id.*; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Our inquiry focuses on whether the nonmovant produced more than a scintilla of evidence to raise a fact issue on the challenged elements. *Id.* at 751. Less than a scintilla of evidence exists when the evidence is so weak as to do no more that create mere surmise or suspicion of a fact. *Id.*

We review the trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In doing so, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Nixon*, 690 S.W.2d at 548–49.

Our review is limited to consideration of the evidence presented to the trial court. *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2007, no pet.). When, as here, a summary judgment does not state or specify the grounds upon which it relies, we may affirm the judgment if any of the grounds presented in the summary judgment motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## II. Propriety of Summary Judgment in Age Discrimination Cases—Shifting Burdens of Production

Because this is an appeal from a summary judgment in an age discrimination case, we adhere to the analysis established by the United State Supreme Court in *McDonnell Douglas Corp. v. Green*, by which the burden of production is allocated among the parties. 411 U.S. 792, 802–03 (1973). Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. *Id.* at 802; *see also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993); *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993). The plaintiff's burden at this stage of the

case "is not onerous." *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex. 2001) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). If the plaintiff meets his or her burden of producing evidence sufficient to constitute a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *McDonald Douglas*, 411 U.S. at 802; *St. Mary's Honor Ctr.*, 509 U.S. at 506–07; *Armstrong*, 997 F.3d at 65. If the employer meets this burden, the presumption of disparate treatment disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual. *McDonald Douglas*, 411 U.S. at 805–07. Texas courts use the *McDonald Douglas* burden-shifting analysis in age discrimination cases under Chapter 21 of the Texas Labor Code, commonly referred to as the Texas Commission of Human Rights Act, the act under which Kanen seeks to recover. *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 208 (Tex. App.—Dallas 2005, no pet.). While this burden shifting is helpful to analyze whether a party is obliged to come forward with evidence, the ultimate burden of persuasion remains unaffected. Thus, where, as here, both parties have come forward with some evidence to satisfy their respective burdens of production, we move forward to the ultimate question: whether a fact finder might find unlawful discrimination. *See St. Mary's Honor Ctr.*, 509 U.S. at 507.

### III.   Prima Facie Evidence

In his first issue, Kanen asserts the trial court erred in granting DeWolff summary judgment because he fulfilled his burden of establishing a prima facie case of age discrimination.

## A. *Applicable Law*

A prima facie case is fairly easily made out. *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir. 1991); *see also City of Dallas v. Siaw-Afriyie*, No. 05-19-00244-CV, 2020 WL 5834335, at *13 (Tex. App.—Dallas Oct. 1, 2020, no pet.) (mem. op.). To establish a prima facie case of age discrimination, the plaintiff must show he (1) was a member of a protected class, (2) was discharged, (3) was qualified for the job from which he was discharged,[3] and (4) was either replaced by someone outside the protected class, replaced by someone younger, or was otherwise discharged because of his age. *Stringer v. Grayson Business Computers, Inc.*, No. 05-04-00822-CV, 2005 WL 906136, at *3 (Tex. App.—Dallas Apr. 20, 2005, no pet.) (mem. op.).

With respect to Kanen's ability to establish a prima facie case of age discrimination, DeWolff challenged only the existence of evidence to support the fourth element of Kanen's claim. A plaintiff may satisfy the fourth element by showing he was treated less favorably than similarly situated members of the

---

[3] Performance and qualification are distinct concepts. *See Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 304–05 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 350–51 (5th Cir. 2007) (concluding evidence plaintiff's supervisors were not pleased with his performance did not prove lack of qualification at prima facie stage).

opposing class. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 353 (5th Cir. 2005) (retention of a younger employee when an older employer is terminated satisfies the fourth prong of the prima facie case). In addition, evidence the plaintiff was replaced by a person substantially younger than the plaintiff also satisfies the fourth element. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). A terminated employee is replaced by another person when that person is assigned the terminated employee's former job duties. *Dallas Indep. Sch. Dist. v. Allen*, No. 05-16-00537-CV, 2016 WL 7405781, at *8 (Tex. App.—Dallas Dec. 22, 2016, pet. denied) (mem. op.). The "touchstone" of the analysis is the similarity of jobs held by the protected class employee and the person who allegedly replaced him or her. *Id.* A prima facie case can be satisfied by showing that a substantially younger person performed the same job duties as the terminated employee. *See id.* It is possible for a terminated employee to be replaced by someone who already works for the employer so long as that employee completely takes over the terminated employee's job duties. *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 306 (Tex. 2020).

**B.** *Analysis*

Kanen produced evidence that DeWolff retained and hired market analysts who were substantially younger than him following his termination.[4] DeWolff

---

[4] Kanen identified six existing employees who ranged in age from 31 to 56 and six new hires ranging in age from 24 to 55.

would not identify any specific individual who took over Kanen's job responsibilities, claiming market analysts are interchangeable so any one of them could have taken over the territory that Kanen covered. An inference of age discrimination may be created if at least one of the people replacing the terminated employee is substantially younger. *Flanner v. Chase Inv. Servs. Corp.*, 600 Fed. Appx. 914, 919 (5th Cir. 2015). Because Kanen presented evidence DeWolff retained and hired substantially younger market analysts after his employment was terminated, and because DeWolff considers the market analysts to be interchangeable and claimed Kanen's accounts would be randomly assigned to other analysts and conceded that Kanen's replacement "could be anyone in the office," a jury could determine that Kanen's job duties were distributed to younger workers. In addition, contrary to DeWolff's assertion of how accounts are assigned, Kanen established market analysts are assigned to a specific outside salesperson and territory. A jury could conclude that DeWolff's explanation as to how accounts are assigned is not credible and infer that the individual, or individuals, who took over his accounts were among those Kanen identified as being substantially younger than himself.

We conclude Kanen presented more than a scintilla of evidence to fulfill his burden at the summary judgment stage of establishing a prima facie case of age discrimination. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir.

1996) (plaintiff need only make "a very minimal showing" to establish prima facie case). Accordingly, we sustain Kanen's first issue.

## IV. Nondiscriminatory Reason for Discharge

Next, we address Kanen's second issue in which he asserts he presented evidence from which a reasonable jury could find DeWolff's assertion that it had a legitimate, nondiscriminatory reason for discharge was pretextual. To support its reason for terminating Kanen's employment, DeWolff presented Compton's affidavit, in which he stated that he decided to terminate Kanen's employment because his set-to-held ratio was very low for someone with his level of experience and his performance had not improved despite being counseled on same.[5]

The plaintiff can prove the employer's articulated reasons are pretext in two ways, either (1) by persuading the court that a discriminatory reason more likely motivated the employer or (2) indirectly by showing that the employer's proffered explanation is unworthy of credence. *Hall v. Gillman Inc.*, 81 F.3d 35, 37 (5th Cir. 1996). The first of these alternatives is the alternative that is always open to the plaintiff in an employment discrimination case: producing evidence from which a trier of fact might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556,

---

[5] DeWolff claims that at the time it terminated Kanen, there were five market analysts, including Kanen, it considered to be experienced, that is having six or more month's experience. Kanen's set-to-held ratio was 20%, whereas the other experienced market analysts had set-to-held ratios ranging from 49% to 77%. Kanen was scheduling an average of 1.52 meetings per week, whereas the other experienced market analysts were scheduling meetings averaging between 1.66 and 2.55 per week.

562 (5th Cir. 1983). The second, however, depends upon the resurrection of the presumption initially created by the plaintiff's prima facie case. By disproving affirmatively the reasons offered by the employer to rebut the plaintiff's prima facie case, the plaintiff recreates the situation that obtained when the prima facie case was initially established: in the absence of any known reasons for the employer's decision, the fact finder may fairly presume that the employer was motivated by discriminatory reasons. *Thornbrough v. Columbus and Greenville R. Co.*, 760 F.2d 633, 639–40 (5th Cir. 1985).

Kanen argues he met his burden to raise a fact issue as to whether DeWolff's assertion it terminated Kanen's employment six months after his rehire due to poor performance as compared to other experienced market analysts was a pretext by presenting evidence (1) he was named "Tops in Set" and "Tops in Held" several times, (2) he helped train other market analysts, (3) his sales pitch was included in DeWolff's training materials and management had new employees sit by him and listen to him make calls, set appointments, and make confirmation calls, (4) management also had new employees use copies of emails he created and had him review and critique sales pitches developed by others, (5) other market analysts often came to him for assistance, advice and guidance, (6) beginning in 2014 management, including Compton, began to talk about hiring younger employees, (7) DeWolff implemented the plan of hiring younger employees for some period of time and came to realize that it was not working because the younger people were not able to

–11–

effectively communicate with senior executives, (8) he was not provided any warning or performance improvement plan before being terminated and was not told to improve his set-to-held ratio, (9) comparing his ratio to other employees who already had meetings set in the pipeline during the first months of his return skews the results, and (10) some analysts were assigned meetings secured by other analysts who left DeWolff's employment before the meetings were held, Kanen was not one of them. In addition, Kanen called into doubt the accuracy of the reports DeWolff provided comparing market analysts' set-to-held ratios because DeWolff refused to provide the underlying data from which the numbers were derived.

As additional support for his assertion DeWolff's proffered termination reason is pretextual, Kanen presented the declaration of a former Regional Vice President of Sales who was employed by DeWolff from February 2000 through October 2016, in which he declared:

> [Kanen] did a good job at the call center operation and met expectations. He came to work early, was dependable, constantly performed well and was in the top tier of his peers, setting high quality executive meetings. He also had tenure and knew his job well.

> On more than one occasion, in either sales meetings or sales conference calls, within about the last two and one-half years of my employment with [DeWolff], it was mentioned that hiring younger personnel for the Market Analyst position might be beneficial, as they may be easier to train. The project was not successful as young college graduates were not up to the tasks.

From all of this evidence, a reasonable jury might fairly conclude Kanen was a good employee, DeWolff brought him back to train younger analysts and then,

under the guise of poor performance, let him go when it accomplished its objective. While it might also find otherwise, of course, Kanen was obliged to and did fulfill his burden of presenting evidence to raise a fact issue as to whether DeWolff's stated reason for terminating Kanen's employment was a pretext for discrimination. We sustain Kanen's second issue.

## V.       Same Actor Inference

In his final issue, Kanen contends application of the same-actor inference is inappropriate in the summary judgment context and inapplicable in this case. The United States Supreme Court has not spoken on the issue of whether the same-actor inference should be recognized in discrimination cases, the lower federal courts are divided on the issue of its application, and the Texas Supreme Court has not addressed same. For purposes of our analysis, we will assume its potential application.

The same-actor inference permits an inference that an employment decision was not motivated by a discriminatory animus when an employee is hired and fired by the same decisionmaker based on the theory that it is irrational for an employer to show animus in termination but not in hiring. *Spears v. Patterson UTI Drilling Co.*, 337 Fed. App'x 416, 421–22 (5th Cir. 2009); *Fenley v. Tex. Plumbing Supply Co., Inc.*, No. 14-19-00851-CV, 2021 WL 1881273, at *5 (Tex. App.—Houston [14th Dist.] May 11, 2021, no pet.) (mem. op.). The presumption created by the same-actor inference "is not irrebuttable." *Spears*, 337 Fed. App'x at 422.

–13–

Kanen urges he rebutted DeWolff's assertion of the same-actor inference by establishing Compton, the individual DeWolff contends was responsible for both the hiring and firing decisions, did not have the final authority to hire or fire anyone. At this stage, however, we need not determine whether the same individual was responsible for both decisions or whether DeWolff is entitled to the inference. If it applies, the same-actor inference is relevant in determining whether discrimination occurred and merely weighs against Kanen's evidence of discrimination. *Spears*, 337 F. App'x at 422; *Haun v. Ideal Ind., Inc.*, 81 F.3d 541, 546 (5th Cir. 1996). Because we have determined—based on his prima facie case of discrimination combined with evidence that DeWolff's proffered reason was pretextual—Kanen has raised a genuine issue of material fact as to whether his termination was motivated by age discrimination, we cannot conclude DeWolff is entitled to summary judgment on the basis of the "same-actor inference" without improperly weighing the evidence now before the Court and improperly invading the province of the jury. *See Grelle v. City of Windcrest*, SA-19-CV-00125-XR, 2021 WL 1910783, at *7 (W.D. Tex. May 12, 2021); *see also Perez v. Thorntons, Inc.*, 731 F.3d 699, 709 (7th Cir. 2013) (common-actor or same-actor inference is a reasonable inference that may be argued to the jury, but it is not a conclusive presumption that applies as a matter of law and is thus not well settled in the summary judgment context). Thus, whether or not the inference applies, DeWolff is not entitled to

judgment as a matter of law on Kanen's claim for discrimination based on age. We sustain Kanen's third issue.

## CONCLUSION

We reverse the trial court's Order Granting Defendant's Traditional and No Evidence Motion for Summary Judgment and remand the case to the trial court for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200126F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM J. KANEN, Appellant

No. 05-20-00126-CV          V.

DEWOLFF, BOBERG &
ASSOCIATES, INC., Appellee

On Appeal from the County Court at
Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-18-01228-
D.
Opinion delivered by Justice
Schenck. Justices Osborne and
Partida-Kipness participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant WILLIAM J. KANEN recover his costs of this appeal from appellee DEWOLFF, BOBERG & ASSOCIATES, INC..


Judgment entered this 18th day of January 2022.